UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:21-cr-0302-JMS-MG |
| | ) | |
| ROBERT LEE KEITH, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

On March 28, and April 2, 2024, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on March 12, 2024 [Dkt. 42] ("Petition") and the Supplemental Petition for Warrant or Summons for Offender Under Supervision filed on March 25, 2024 [Dkt. 48] ("Supplemental Petition"). Defendant Keith appeared in person with his appointed counsel Sam Ansell. The government appeared by Kathryn Olivier, Assistant United States Attorney. U.S. Parole and Probation appeared by Officer Katherine Lindley.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

    1.    The Court advised Defendant Keith of his rights and ensured he had a copy of the Petition and the Supplemental Petition. Defendant Keith waived his right to a preliminary hearing.

    2.    After being placed under oath, Defendant Keith admitted Violation Nos. 1 and 2 as set forth in the Petition. [Docket No. 42.] Government orally moved to dismiss Violation No. 3 [Dkt. 48], which motion was granted by the Court; Violation No. 3 was dismissed.

3.    The allegations to which Defendant admitted, as fully set forth in the Petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You must refrain from any unlawful use of a controlled substance. You shall not unlawfully possess a controlled substance."**<br><br>On October 2, 2023, Mr. Keith submitted a urinalysis sample that tested positive for amphetamines. Confirmation tests results confirmed the test positive for amphetamine and methamphetamine. |
| 2 | **"You shall not use or possess alcohol."**<br><br>On February 29, 2024, Mr. Keith submitted a urinalysis sample that tested positive for alcohol. |

4.    The Court found that:

    (a)    The highest grade of violation is a Grade B violation.

    (b)    Defendant's criminal history category is I.

    (c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

5.    The government argued for an upward departure with a sentence of 24 months with no supervision to follow. The defendant argued to be placed back on supervision without incarceration. If the defendant were to be incarcerated, he requested placement at any FCI facility close to Indianapolis, Indiana except for FCI Terre Haute.

The Magistrate Judge, having considered the factors set forth in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in Violation Nos. 1 and 2 of the Petition, and recommends that Defendant's supervised release be revoked, and that Defendant be sentenced to the custody of the Attorney General or his designee for a period of 4 months, with 18 months of supervised release to follow. In addition to the

mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the federal judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the federal judicial district where you are being supervised without the permission of the supervising court/probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction

    and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

    Justification: Conditions 1-13 are considered administrative in nature and will enable the probation officer to effectively supervise the offender within the community.

14. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

15. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

16. You shall not use or possess alcohol.

    Justification: Conditions 14-16 are recommended to address the offender's history of substance abuse, as well as to address negative thinking patterns. Additionally, these conditions will help to ensure compliance with a drug-free lifestyle

17. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

    Justification: Condition 17 is recommended to address the offender's self-reported mental health diagnoses.

18. You shall not meet or communicate or otherwise interact with codefendant, Shanda Keith, including her person, vehicle, office/ business, residence and property.

19. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be

searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

Justification: Conditions 18-19 will assist the probation officer in monitoring the offender, providing a structured environment and protection of the community

Defendant reviewed the foregoing conditions with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release.

The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation. The defendant requested, and the Magistrate Judge recommends, placement at any FCI facility close to Indianapolis, Indiana except for FCI Terre Haute.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: 3 APR 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system