UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:21-cv-0302-JMS-MG |
| ROBERT LEE KEITH, | ) ) | - 01 |
| Defendant. | ) ) | |

## REPORT AND RECOMMENDATION

On November 22, 2024, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on November 15, 2024. Defendant Keith appeared in person with his appointed counsel Gwendolyn Beitz. The government appeared by Adam Eakman, Assistant United States Attorney. U.S. Parole and Probation appeared by Officer Megan Durbin.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Keith of his rights and provided him with a copy of the petition. Defendant Keith orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Keith admitted Violation Number 1. [Docket No. 82.] The government orally moved to withdraw the remaining violations, which motion was granted by the Court; Violation Nos. 2, 3, and 4 dismissed.

3. The allegation to which Defendant admitted, as fully set forth in the petition, is:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not meet or communicate or otherwise interact with codefendant, Shanda Keith, including her person, vehicle, office/business, residence and property."** |
| | On November 11, 2024, this officer was notified of contact occurring between Shanda Keith and Mr. Keith at Indy Pawn on October 24, and 25, 2024. This officer viewed video footage from October 25, 2024, of the offender and Ms. Keith arriving to Indy Pawn in the same vehicle, entering the store together, and standing at the counter conversing. |
| | As previously documented with the Court, Mr. Keith admitted contact with Shanda Keith on multiple occasions, including from July 19, to July 29, 2024, July 31, 2024, and September 17, 2024. |

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category is I.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 3 to 9 months' imprisonment.

5. The government recommended a sentence of 9 months' incarceration with no supervised release. Defense counsel argued for the Defendant return to the Volunteers of America.

The Magistrate Judge, having considered the relevant factors in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3583(e), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 6 months with no supervised release to follow.

The Magistrate Judge will make a recommendation of placement at FCI Terre Haute at the lowest security classification for which Defendant is eligible.

The parties were notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 11/27/2024

_____
M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system